IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL E. KENNEDY | : | |
| | : | |
| v. | : | CIVIL NO. CCB-13-390 |
| | : | |
| JOHN MCHUGH, SECRETARY, | : | |
| DEPARTMENT OF THE ARMY, et al. | : | |

## MEMORANDUM

Now pending before the court is a motion to dismiss filed by John McHugh, Secretary, Department of the Army, and Michelle V. Mitchell ("Mitchell"), Director of the West Region of the Army's Civilian Human Resources Agency, (collectively, the "defendants") in this suit brought by pro se plaintiff Michael E. Kennedy ("Kennedy"). Kennedy alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Administrative Procedures Act ("APA"), and his right to procedural due process under the Fifth and Fourteenth Amendments arising out of the Army's withdrawal of an offer of employment. Kennedy seeks monetary and injunctive relief.

## BACKGROUND

In May 2012, Michael Kennedy applied for the Water/Wastewater Systems Mechanic position at White Sands Missile Range ("White Sands") in New Mexico. (Compl., ECF No. 1, ¶ 8.) On July 11, 2012, Kennedy received a tentative offer of employment that was contingent upon his successful completion of a background check, physical, and drug test. (*Id.* at ¶ 11.)

On September 17, 2012, Kennedy received a formal offer of employment from White Sands. (*Id.* at ¶ 22.) On or about October 8, 2012, the U.S. Probation and Pretrial Services office in Las Cruces, New Mexico, contacted White Sands to verify Kennedy's offer of employment. (*Id.* at ¶ 24.) Shortly thereafter, Kennedy learned that White Sands had requested information

from the Baltimore office of U.S. Probation & Pretrial Services about his conviction. (*Id.* at ¶ 26.) In response, on November 17, 2012, Kennedy asserts he filed a complaint with the White Sands Human Resources EEO office. (*Id.* at ¶ 27.)[1] On December 27, 2012, Defendant Michelle Mitchell, Director of the West Region of the Civilian Human Resources Agency, notified Kennedy that White Sands was withdrawing its formal offer of employment based on Kennedy's failure to sign a release of information form necessary to complete the selection process. (*Id.* at ¶¶ 29-30.)

Kennedy filed suit in this court on February 5, 2013, alleging discrimination and retaliation under Title VII (Counts V and II)[2], as well as violations of the APA (Counts III and IV) and his right to procedural due process under the Fifth and Fourteenth Amendments (Count I). Kennedy claims that the defendants violated the APA by utilizing an "unofficial blanket exclusion policy to bar employment of people with arrest records or convictions." (*Id.* at ¶ 104.) Kennedy also asserts that the defendants violated his due process rights by withdrawing his offer of employment before an investigation of his discrimination complaint could take place.

## **ANALYSIS**

Kennedy alleges the defendants discriminated against him in violation of Title VII by withdrawing their offer of employment based on Kennedy's status as a convicted felon. Title VII makes it illegal for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms,

---

[1] The United States asserts it has no record of any EEO complaint filed by Kennedy at White Sands. (ECF No. 16, Ex. 1.) For purposes of this ruling, the court will assume Kennedy did exhaust his remedies.
[2] Although it does not explicitly reference Title VII, Count V of Kennedy's complaint alleges that the Army violated its "duty to assure non-discrimination and equal opportunity in the federal government." (ECF No. 1, ¶ 116.) Because Title VII is an "an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination," *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829 (1976), the court construes Count V as a claim of discrimination under Title VII.

conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). In order to establish a prima facie case of discrimination under Title VII, a plaintiff must show: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action with respect to compensation; and (4) that similarly-situated employees outside the protected class received more favorable treatment." *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004). Because a plaintiff's status as a convicted felon is not a protected class under Title VII, Kennedy's discrimination claim must fail.

Kennedy also alleges that Mitchell withdrew the offer of employment in retaliation for his filing of an EEO complaint.[3] Title VII's anti-retaliation provision forbids discrimination against employees or applicants who have opposed any practice made unlawful by Title VII or who have "made a charge, testified, assisted, or participated" in a Title VII "investigation, proceeding, or hearing." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation, a plaintiff must show that (1) he engaged in a protected activity; (2) the employer acted adversely against him; and (3) the protected activity and the adverse action were causally connected. *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 656 (4th Cir. 1998). Assuming without deciding that Kennedy's complaint satisfies the first two elements, Kennedy has not pled facts sufficient to show that a causal connection existed between his filing an EEO complaint and the withdrawal of his offer of employment. To prove a causal connection, Kennedy must show that the Army withdrew its offer "because he engaged in a protected activity." *Id.* at 657. Thus, Kennedy must provide proof of the Army's knowledge that he engaged in a protected activity. Kennedy offers no specific evidence that the Army knew he filed an EEO complaint before the

---

[3] Kennedy's complaint states that Mitchell violated Title VII; however, the only proper defendant in a Title VII action is the head of the agency. 42 U.S.C. § 2000e-16(c).

Army withdrew the offer. Kennedy's mere "belief" that the Army withdrew its offer because he filed a complaint, without more, is insufficient to support a plausible claim for relief; thus, Kennedy's unlawful retaliation claim will also be dismissed.

To the extent that Kennedy is seeking money damages against the Army and Defendant Mitchell in her official capacity for alleged due process and APA violations, such claims are barred by the doctrine of sovereign immunity.[4] Because the facts Kennedy alleges fail to make out a violation of a clearly established statutory or constitutional right, his claims against Defendant Mitchell in her individual capacity are also barred. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (government officials performing discretionary functions are protected from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights"). Finally, insofar as Kennedy is seeking to have his offer of employment reinstated, he has not alleged any plausible basis for the court to render such an order.

A separate Order follows.

August 23, 2013                                                     /s/
Date                                                              Catherine C. Blake
                                                                   United States District Judge

---

[4] *See Boron Oil v. Downie*, 873 F.2d 67, 69, 71 (4th Cir. 1989) ("[a]n action against a federal agency or official will be treated as an action against the sovereign if 'the judgment sought would expend itself on the public treasury or domain'") (quoting *Portsmouth Redevelopment & Hous. Auth. v. Pierce*, 706 F.2d 471, 473 (4th Cir. 1983)); *Hagemeier v. Block*, 806 F.2d 197, 202 (8th Cir. 1986) (sovereign immunity disallows claims against federal officials in their official capacities for money damages "unless a waiver of sovereign immunity is 'unequivocally expressed'") (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)); *Adeleke v. United States*, 355 F.3d 144, 152 n.7 (2d Cir. 2004) (sovereign immunity bars APA claims for money damages).